# CONFIDENTIAL SETTLEMENT AGREEMENT AND FULL RELEASE

This Confidential Settlement Agreement and Full Release is entered into by and between **(1)** Cindy Davis, her heirs, assigns, agents, attorneys and administrators (all in item (1) referred to collectively as "Davis"); and **(2)** SKC Enterprises, Inc., d/b/a Rent One ("Rent One"), its past and present affiliates, predecessors, successors, sister and parent entities and assigns, and its past and present owners, shareholders, board, executives, directors, officers, administrators, managers, insurance companies, agents, staff, attorneys, and present and past employees (all in item (2) collectively referred to as "the Released Parties").

*Whereas*, Davis filed a lawsuit in the U.S. District Court for the Eastern District of Arkansas (the "Court"), Case No. 3:18-CV-36-DPM, alleging violations of the Fair Labor Standards Act (FLSA) and Arkansas Minimum Wage Act (AMWA);

*Whereas*, a bona fide dispute exists as to the number of overtime hours worked by Davis and the amount of back pay, if any, potentially due to Davis;

*Whereas*, the parties have reached an agreement to settle all of Davis's claims (whether pled or not) and to seek dismissal of her lawsuit with prejudice, conditioned upon the Court's approval of this Settlement Agreement;

*Whereas*, Rent One and the Released Parties deny violating Davis's rights, and deny any liability to Davis in any respect; and

*Whereas*, the parties stipulate that this Confidential Settlement Agreement and Full Release is a final, fair and reasonable resolution of a bona fide dispute.

*Therefore*, the parties hereby agree, represent, covenant and warrant as follows:

1.      Consideration.  In exchange for the release of all claims and the other covenants and promises contained herein and contingent upon (if required) Court approval of this settlement agreement, Rent One agrees to make the following payments:

(a) One Thousand Five Hundred Dollars ($1,500.00) in alleged wages to Davis, less applicable deductions, for which a Form W-2 will be issued to her;

(b) One Thousand Five Hundred Dollars ($1,500.00) in a compensatory amount for alleged liquidated damages to Davis, without deductions and for which a Form 1099 will be issued to her;

1


INITIALS

(c) Two Thousand Five Hundred and Twenty Dollars ($2,520.00) in a compensatory amount to Davis for any remaining claims, without deductions and for which a Form 1099 will be issued to her;

(d) Four Thousand Four Hundred and Eighty Dollars ($4,480.00) to Davis's attorneys at the Sanford Law Firm, PLLC, for which a Form 1099 will be issued to Sanford Law Firm, PLLC.

The payments referenced in this paragraph will be made within 10 business days after both of the following have occurred: (1) the delivery of a fully executed Confidential Settlement Agreement and Release and required tax forms to counsel for the Released Parties, and (2) the Court's entry of an order dismissing the Lawsuit with prejudice.

The consideration provided to Davis and her attorneys under this Paragraph is in exchange for Davis's execution and delivery of this Agreement and her faithful performance of her obligations under this Agreement.

Should Rent One incur any liability or loss relative to state or federal taxes owed by Davis incident to the payments made in this Agreement, Davis agrees to indemnify and hold Rent One harmless with respect to any such liability or loss.

    2.    <u>Complete Release of Claims.</u>

(a)    By accepting the consideration listed in Paragraph 1, Davis hereby releases and forever discharges, to the extent allowed by law, Rent One and the Released Parties of and from any and all claims, injuries, demands and causes of action, including (but not limited to) the following:

    i.    Any claims for breach of contract, wrongful or constructive discharge or suspension, failure to hire, failure to promote, reinstatement, unequal or discriminatory pay or treatment, failure to grant leave or to accommodate, harassment, outrage, invasion of privacy, defamation, failure to pay proper wages, whistleblowing, violation of public policy, and retaliation;

    ii.    Any claims for emotional distress, physical injury, lost or future wages, bonuses, vacation benefits, and lost pension and other employee benefits;

    iii.    Any claims arising under the Arkansas Civil Rights Act of 1993, Title VII of the Civil Rights Act of 1964, Executive Orders 11141, 11246, 13658 and 13672, 42 U.S.C. §§ 1981-1988, the state and federal Equal Pay Act, the Age Discrimination in Employment Act and the Older Workers' Benefit Protection Act,

2


INITIALS

the Americans with Disabilities Act, the Rehabilitation Act, the Family and Medical Leave Act, the Uniformed Services Employment and Reemployment Rights Act, the Genetic Information Nondiscrimination Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Arkansas Minimum Wage Act, the National Labor Relations Act, the Occupational Safety and Health Act; and

iv. Any other local, state or federal act, statute, common law or regulation; and

v. Any claims for attorneys' fees and costs.

(b) Davis agrees to release any and all claims she may now have or ever have as a result of, arising out of, or by reason of (i) her employment with Rent One, and (ii) any of the Rent One or the Released Parties' practices, acts or omissions to this date. It is Davis's express desire to release and waive each and every claim for injuries, damages, and consequences, known and unknown, developed or which might develop in the future, resulting from any practices, acts, or omissions of Rent One and the Released Parties prior to the effective date of this Confidential Settlement Agreement and Full Release. This Release includes a release of Davis's right (1) to file a subsequent court action concerning any allegations relating to her employment or any allegations concerning Rent One or the Released Parties' acts or omissions to date; and (2) to receive individual remedies or damages in any government agency-filed court action or any other court action concerning or relating to her employment or any allegations concerning the Rent One or the Released Parties acts or omissions to date. Davis also agrees to take whatever steps are necessary for this Confidential Settlement Agreement and Full Release to be approved by the Court and, if applicable, any government agency.

(c) Davis further understands and agrees that she:

i. Has been given a sufficient and reasonable period of time to consider this Confidential Settlement Agreement and Full Release before executing it;

ii. Has carefully read and fully understands all of the provisions of this Confidential Settlement Agreement and Full Release;

iii. Is, through this Confidential Settlement Agreement and Full Release, releasing Rent One and the Released Parties from any and all claims she may have against Rent One and the Released Parties based on any event, occurrence or claim that was raised or could have been raised prior to this date;

3


INITIALS

  iv. Knowingly and voluntarily agrees to all the terms in this Confidential Settlement Agreement and Full Release;

  v. Knowingly and voluntarily intends to be legally bound by this Confidential Settlement Agreement and Full Release;

  vi. Was advised and hereby is advised in writing to consider the terms of this Confidential Settlement Agreement and Full Release and consult with an attorney of her choice, which she has in fact done, prior to executing this Confidential Settlement Agreement and Full Release; and

  vii. Understands that rights or claims under the employment laws that may arise after the date this Confidential Settlement Agreement and Full Release is executed are not waived.

  3. <u>Waiver of Reemployment</u>. Davis understands and agrees that she waives any right to future employment with Rent One and will not apply for or otherwise seek or accept reemployment with Rent One in the future, including any assignment to or on behalf of Rent One as an independent contractor, whether directly or through any third party. Should Rent One hire Davis by mistake, Davis understands and agrees that Rent One will have the right to terminate her employment without recourse in reliance on this provision. Davis acknowledges that her agreement not to seek future employment with Rent One is in no way discriminatory or retaliatory.

  4. <u>Underlying Lawsuit and Other Claims</u>. Davis agrees to seek dismissal with prejudice of all claims and causes of action that she asserted or could have asserted in the matter styled *Cindy Davis, Individually and on Behalf of All Others Similarly Situated v. SKC Enterprises, Inc. d/b/a Rent One*, Case No. 3:18-CV-36-DPM. Davis also agrees to dismiss or seek dismissal of any other pending administrative charges or complaints she has filed against Rent One.

  5. <u>Confidentiality of the Agreement</u>.

 (a) Davis agrees that the terms of this Confidential Settlement Agreement and Full Release shall be kept strictly **confidential** to the extent allowed by law and the Court and shall not hereafter be disclosed directly or indirectly by her, except that Davis may disclose such information to her lawyers, her spouse, any state or federal governmental agency or authority (including the Court), and, if required to do so, by subpoena or court order.

 (b) Prior to any approved disclosure, discussion, or description of the existence or terms of this Confidential Settlement Agreement and Full Release, Davis shall inform the recipient of the confidentiality limitation and require the recipient to be bound by this confidentiality limitation unless the approved

4


INITIALS

disclosure, discussion, or description is made (a) to a governmental agency or authority (including the Court); or (b) by subpoena or court order (although the parties may seek an appropriate protective order to limit further disclosure, discussion, or description).

(c)  Except for those disclosures permitted by this Confidential Settlement Agreement and Full Release, Davis agrees that she will not disclose or confirm any terms of this Confidential Settlement Agreement and Full Release. If any inquiry is made regarding the result or outcome of Davis's claims against Rent One, Davis may say only that "the issues have been resolved."

(d)  Nothing in this Confidential Settlement Agreement and Full Release is intended to interfere with Davis's rights under applicable law to file or otherwise institute a charge of discrimination or other administrative claim, to participate in a proceeding with any appropriate federal or state government agency enforcing discrimination or other laws, or to cooperate with any such agency in an investigation, none of which shall constitute a breach of the confidentiality of this Confidential Settlement Agreement and Full Release.

(e)  Plaintiff agrees that if she violates any of the provisions of this Confidentiality agreement, she will be required to pay to Rent One the amount of $500 as liquidated damages, and Rent One shall retain the right to pursue all other remedies available to it.

6.  <u>Applicable Law</u>. This Agreement is made and entered into in the State of Arkansas, and shall in all respects be interpreted, enforced and governed under the substantive laws of the State of Arkansas, without regard to choice of law. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

7.  <u>Severability</u>. The provisions of this Agreement are severable, and if any part of the Agreement is found to be unenforceable (apart from the releases granted in this Agreement), the other parts shall remain fully valid and enforceable.

8.  <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the parties, including any and all other prior agreements or understandings between the parties pertaining to the subject matter of the Agreement. No statements, promises or representations have been made by any party to the other, or are relied upon, and no consideration has been or is offered, promised, or expected, other than that already received or set forth in this Agreement. Any modifications to this Agreement must be in a writing signed by both parties.

9.  <u>Successors</u>. This Agreement shall be binding upon Davis and upon her respective heirs, administrators, representatives, executors, successors and assigns,


INITIALS

and shall inure to the benefit of Rent One's heirs, representatives, executors, administrators, successors and assigns.

**PLEASE READ CAREFULLY! THIS SIX (6) PAGE AGREEMENT INCLUDES A WAIVER AND RELEASE OF ALL CLAIMS.**

---

CINDY DAVIS

Date: Feb. 1, 2019

---

SKC ENTERPRISES, INC. D/B/A RENT ONE

By: _____

Title: VP of Human Resources

## ATTORNEY STATEMENT AND RELEASE

I, _____, attorney for Cindy Davis, do hereby acknowledge full and final satisfaction of, and hereby release and waive any and all costs, expenses and attorneys' fees on behalf of Cindy Davis in this cause against SKC Enterprises, Inc. This Confidential Settlement Agreement and Full Release has been executed by Cindy Davis with my knowledge and approval.

SANFORD LAW FIRM, PLLC

By:_____

6


CD
INITIALS